**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| David Rand Parshall, | ) | |
| | ) | |
| Petitioner, | ) | CIV 12-01647 PHX SMM (MEA) |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Charles L. Ryan, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| _____ | ) | |

**TO THE HONORABLE STEPHEN M. McNAMEE:**

On August 2, 2012, Petitioner, proceeding pro se, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents' counsel entered a notice of appearance on September 19, 2012. Petitioner filed a motion to amend the petition on November 9, 2012, arguing he was entitled to amend his petition because Respondents had not yet answered the petition. See Doc. 7. Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 9) on December 20, 2012. The motion for leave to amend the petition was denied without prejudice on January 13, 2013. Petitioner filed a reply to the answer to his petition on March 11, 2013. See Doc. 13.

# I Procedural History

On July 20, 2004, Petitioner was charged with two counts of misconduct involving weapons; the crimes were classified as a class 4 felony and a class 1 misdemeanor. See Answer, Exh. A at 2.[1]  At a pretrial hearing conducted November 30, 2004, Petitioner's appointed counsel, Ms. Spencer, told the state court that she did not believe Petitioner had a valid basis for a motion to suppress and that Petitioner sought different defense counsel. See id., Exh. F at Exh. K.[2] The date the hearing was conducted was also the last date for Petitioner to accept a plea agreement providing for a sentence of six years incarceration. Id., Exh. F at Exh. K.[3]  Ms. Spencer withdrew from representing Petitioner in December of 2004.

Petitioner was then appointed Shawn Murray as counsel. Id., Exh. F at Exh. O.  Mr. Murray investigated Petitioner's assertions regarding his version of the events giving rise to

---

[1] Petitioner was contacted by a City of Phoenix police officer, who was off-duty but in uniform, working as a security officer at a Food City grocery store in Phoenix at approximately 10:30 p.m.  The officer contacted Petitioner, believing he had a weapon under his shirt based on his observation of a large bulge and that Petitioner had acted suspiciously.  Petitioner told the officer he had a knife case under his shirt.  The officer then "patted down" Petitioner and discovered a gun.

[2] Exhibit F to the Answer to the petition is Petitioner's state action for post-conviction relief filed April 3, 2009.

[3] Exhibit K to Exhibit F to the Answer to the petition is a transcript of the November 30, 2004, trial court hearing.  At the end of the hearing the state iterates the plea agreement providing for a term of six years imprisonment expires that day.  Exhibit L to Exhibit F to the Answer to the petition is a plea agreement signed only by the state on August 4, 20004, which provides for a sentence of 4.5 years imprisonment.

-2-

his arrest, inter alia, contacting the manager of the grocery store outside of which the arrest took place and interviewing Petitioner's then-girlfriend. Id., Exh. F at Exh. O. Counsel also reviewed the store's security logs, police duty logs, police patrol car logs, and investigated as to an alleged 911 call. Counsel listened to and advised Petitioner with regard to a taped interview with the arresting police officer. Id., Exh. F at Exh. O. Counsel informed Petitioner his version of the events was unsubstantiated but counsel did move to suppress evidence based on Petitioner's version of the events. Id., Exh. F at Exh. O.

At some time from January of 2005 through April of 2005, Petitioner's defense counsel, Shawn Murray, advised Petitioner to ask the state to re-instate a previously-offered plea agreement. Id., Exh. F at Exh. O. Petitioner did so, but the state was then only willing to offer a plea agreement providing for a term of eight years imprisonment. Id., Exh. F at Exh. O. Counsel advised Petitioner to accept the plea agreement and, at that time, Petitioner accepted the agreement. Id., Exh. F at Exh. O. However, at a subsequent change of plea hearing Petitioner changed mind and withdrew from the plea agreement. Id., Exh. F at Exh. O. At that time the trial judge set a date for the suppression hearing and a trial date.

In May of 2005 Petitioner hired private counsel, Mr. Knowles, to represent him at the suppression hearing, conducted May 27, 2005. Id., Exh. F at Exh. O & Exh. P. The motion to suppress was subsequently denied and Petitioner terminated

representation by private counsel. Id., Exh. F at Exh. O & Exh. P. Petitioner was thereafter represented by appointed counsel.

At the conclusion of a bench trial conducted on July 24, 2006, Petitioner was convicted on both charges. The state trial court enhanced Petitioner's sentence for misconduct involving weapons based on the fact that he had two or more prior felony convictions.[4] The state trial court sentenced Petitioner to the presumptive term of ten years incarceration for the felony count of misconduct involving weapons and to six months incarceration for the misdemeanor count of misconduct involving weapons. Id.

Additionally, Petitioner's possession of a weapon violated the terms of his probation imposed pursuant to a 1999 convictions for aggravated driving under the influence ["DUI"] and possession of narcotic drugs. As punishment for the violation of probation imposed pursuant to the 1999 DUI conviction, the state trial court revoked Petitioner's probation and sentenced him to a term of one and a half years incarceration. Id., Exh. A at 2-3. The sentence for aggravated DUI and the ten year sentence for felony misconduct involving weapons were to run consecutively. See id., Exh. A.

Petitioner took a timely direct appeal of his convictions and sentences for weapons misconduct. Petitioner asserted that the trial court improperly enhanced his sentence

---

[4] The trial court found Petitioner had previously been convicted of aggravated DUI, possession of narcotic drugs, and shoplifting.

-4-

based on the existence of prior convictions and that the trial court erred in calculating credit for presentence incarceration. The state appellate court affirmed Petitioner's convictions and sentences, but remanded the matter for a recalculation of presentence incarceration credit. Id., Exh. A. Petitioner did not seek review of the appellate court's decision by the Arizona Supreme Court. Id., Exh. B. The trial court recalculated the incarceration credit on August 29, 2008, giving Petitioner 464 days of credit. Id., Exh. C.

Petitioner initiated an action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, on or about December 21, 2007. Id., Exh. D. Petitioner asked the trial court to allow him to proceed pro se in his Rule 32 action, which request was granted. Id., Exh. D. In his Rule 32 action Petitioner asserted he was denied his right to the effective assistance of trial counsel because his counsel allowed the admission of perjured testimony and also asserted he was denied the effective assistance of appellate counsel. Id., Exh. D & Exh. F. Petitioner also asserted a violation of his Fourth Amendment right to be free of unreasonable searches, citing Terry, and that he was denied his right to due process of law because perjured testimony was admitted at his trial, citing Brady v. Maryland. Id., Exh. F. Petitioner also alleged that his trial counsel failed to inform him of a plea agreement. Petitioner further alleged he was subjected to prosecutorial misconduct with regard to a suppression hearing.

-5-

On January 4, 2010, the state trial court denied relief in Petitioner's Rule 32 action. Id., Exh. H.  The court found all claims except the ineffective assistance of counsel claims precluded and denied relief on the merits of Petitioner's ineffective assistance of counsel claims.  Petitioner appealed this decision to the Arizona Court of Appeals.  Id., Exh. K & Exh. L.  The Arizona Court of Appeals denied review on August 22, 2011.  Id., Exh. M.

On November 10, 2010, the state trial court denied relief in what it deemed Petitioner's third Rule 32 action.  See id., Exh. L, Attach. A.  The trial court concluded, inter alia, that Petitioner's claim of newly discovered evidence was not viable because the evidence, i.e., Petitioner's then-girlfriend's testimony, was not new because she was available to testify at both the suppression hearing and at Petitioner's trial.  Exh. I

Petitioner raises four grounds for relief in his habeas petition.  Respondents contend three grounds for relief are procedurally defaulted and that the other claim may be denied on the merits.

In his first claim for relief Petitioner contends that the prosecutor used perjured testimony to gain his convictions on the weapons misconduct charges.  Petitioner's second claim for relief asserts that the state failed to disclose exculpatory evidence to the defense, in violation of Brady v. Maryland.  In his third claim for relief Petitioner asserts that his trial counsel was ineffective in failing to present a witness at the

-6-

suppression hearing and in failing to request a continuance of the hearing so that counsel could fully investigate the matter. Petitioner's fourth claim for relief is an ineffective assistance of appellate counsel claim.

## II Standard of review

### A. Exhaustion and procedural default

Respondents argue that Petitioner has procedurally defaulted three of his federal habeas claims in the state courts by failing to present them to the Arizona Court of Appeals in a procedurally correct manner.

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).[5] The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the

_____

[5] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief. However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief.  See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999).  See also Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary." Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001).  See also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003).  In Baldwin v. Reese, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors.  See 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific federal constitutional right, as opposed to violation of a state law or a state procedural rule, the federal habeas claim was not "fairly presented" to the state court. See, e.g., id., 541 U.S. at 33, 124 S. Ct. at 1351.

> For purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief. The federal claim is fairly presented if raised in the petition itself, an accompanying brief, or another similar document filed with that court.

Gentry v. Sinclair, 705 F.3d 884, 897 (9th Cir. 2013)(internal

-8-

citations and quotations omitted).

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. See, e.g., Woodford v. Ngo, 548 U.S. 81, 92-93, 126 S. Ct. 2378, 2387 (2006). If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim. See, e.g., id., 548 U.S. at 92, 126 S. Ct. at 2387.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. See Castille, 489 U.S. at 351-52, 109 S. Ct. at 1060. Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute

adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

> The doctrine of procedural default provides that a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule. A state procedural rule is adequate if it is regularly or consistently applied by the state courts and it is independent if it does not depend on a federal constitutional ruling. Where a state procedural rule is both adequate and independent, it will bar consideration of the merits of claims on habeas review unless the petitioner demonstrates cause for the default and prejudice resulting therefrom or that a failure to consider the claims will result in a fundamental miscarriage of justice.

McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007) (internal citations and quotations omitted).

> We recognize two types of procedural bars: express and implied. An express procedural bar occurs when the petitioner has presented his claim to the state courts and the state courts have relied on a state procedural rule to deny or dismiss the claim. An implied procedural bar, on the other hand, occurs when the petitioner has failed to fairly present his claims to the highest state court and would now be barred by a state procedural rule from doing so.

Robinson v. Schriro, 595 F.3d 1086, 1100 (9th Cir. 2010).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but

-10-

procedurally defaulted, any claim not previously fairly presented to the Arizona Court of Appeals in his direct appeal. See Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002).  See also Stewart v. Smith, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar).   The Ninth Circuit Court of Appeals recently confirmed this conclusion in Hurles v. Ryan, 706 F.3d 1021, 2013 WL 219222 at &6 (9th Cir. 2013), concluding "Arizona's waiver rules are independent and adequate bases for denying relief."   See also Jones v. Ryan, 691 F.3d 1093, 1101 (9th Cir. 2012).

> "Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." Martinez v. Ryan, --- U.S. ----, 132 S.Ct. 1309, 1316[](2012).  One such rule is the doctrine of procedural default, according to which a federal court is barred from hearing the claims of a state prisoner in a habeas corpus proceeding when the decision of the last state court to which the prisoner presented his federal claims rested on an "independent and adequate state ground." Coleman v. Thompson, 501 U.S. 722, 730, 111 S.Ct. 2546, [](1991). However, federal courts are to "presume that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with federal law, and when the

adequacy and independence of any possible
state law ground is not clear from the face
of the opinion.'" <u>Id.</u> at 735, 111 S.Ct. 2546
(quoting <u>Michigan v. Long</u>, 463 U.S. 1032,
1040-41, 103 S.Ct. 3469, [](1983)). A state
court may overcome the above presumption
simply by stating "clearly and expressly that
its decision is based on bona fide separate,
adequate, and independent grounds." <u>Id.</u> at
733, 111 S.Ct. 2546 (quoting <u>Long</u>, 463 U.S.
at 1041, 103 S.Ct. 3469) (internal quotation
marks and alterations omitted).

 A state court judgment rests on an
independent and adequate state procedural
ground when the "state court decline[s] to
address a prisoner's federal claims because
the prisoner ... failed to meet a state
procedural requirement." <u>Id.</u> at 730, 111
S.Ct. 2546 (emphasis added).

 "For a state procedural rule to be
'independent,' the state law ground for
decision must not be 'interwoven with the
federal law.'" <u>Park v. California</u>, 202 F.3d
1146, 1152 (9th Cir. 2000) (quoting <u>Long</u>, 463
U.S. at 1040-41, 103 S.Ct. 3469, and citing
<u>Harris v. Reed</u>, 489 U.S. 255, 265, 109 S.Ct.
1038,[](1989) (applying <u>Long</u> to federal
habeas cases)). "A state law ground is so
interwoven if 'the state has made application
of the procedural bar depend on an antecedent
ruling on federal law [such as] the
determination of whether federal
constitutional error has been committed.'"
<u>Id.</u> (quoting <u>Ake v. Oklahoma</u>, 470 U.S. 68,
75, 105 S.Ct. 1087, [](1985)) (alteration in
original). <u>See also</u> <u>Stewart v. Smith</u>, 536
U.S. 856, 860, 122 S.Ct. 2578, [](2002) (per
curiam) (noting that, although the rule at
issue there "does not require a federal
constitutional ruling on the merits, if the
state court's decision rested primarily on a
ruling on the merits nevertheless, its
decision would not be independent of federal
law"). A review of pertinent Supreme Court
case law illustrates that a state court
ruling, even on a state procedural issue,
that necessarily or actually depends on an
antecedent ruling on the merits of a federal
claim is interwoven with federal law and
therefore not independent.

<u>Nitschke v. Belleque</u>, 680 F.3d 1105, 1109-10 (9th Cir.),  <u>cert.</u>

1  <u>denied</u>, 133 S. Ct. 450 (2012).

2          **C. Cause and prejudice**

3          The Court may consider the merits of a procedurally
4  defaulted claim if the petitioner establishes cause for their
5  procedural default and prejudice arising from that default.
6  "Cause" is a legitimate excuse for the petitioner's procedural
7  default of the claim and "prejudice" is actual harm resulting
8  from the alleged constitutional violation.  <u>See</u> <u>Thomas v. Lewis</u>,
9  945 F.2d 1119, 1123 (9th Cir. 1991).   Under the "cause" prong
10 of this test, Petitioner bears the burden of establishing that
11 some objective factor external to the defense impeded his
12 compliance with Arizona's procedural rules.   <u>See</u> <u>Moorman v.</u>
13 <u>Schriro</u>, 426 F.3d 1044, 1058 (9th Cir. 2005); <u>Vickers v.</u>
14 <u>Stewart</u>, 144 F.3d 613, 617 (9th Cir. 1998); <u>Martinez-Villareal</u>
15 <u>v. Lewis</u>, 80 F.3d 1301, 1305 (9th Cir. 1996).

16         A petitioner's lack of legal expertise is not cause to
17 excuse procedural default.  <u>See</u>, <u>e.g.</u>, <u>Hughes v. Idaho State Bd.</u>
18 <u>of Corr.</u>, 800 F.2d 905, 908 (9th Cir. 1986).   Alleged
19 ineffective assistance of appellate counsel does not establish
20 cause for the failure to properly exhaust a habeas claim in the
21 state courts unless the specific Sixth Amendment claim providing
22 the basis for cause was itself properly exhausted.  <u>See</u> <u>Edwards</u>
23 <u>v. Carpenter</u>, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000);
24 <u>Coleman</u>, 501 U.S. at 755, 111 S. Ct. at 2567; <u>Deitz v. Money</u>,
25 391 F.3d 804, 809 (6th Cir. 2004).  "Attorney ignorance or
26 inadvertence is not cause, but attorney error rising to the
27 level of an independent constitutional violation (in the form of

28                              -13-

ineffective assistance of counsel) does constitute cause." Dickens v. Ryan, 688 F.3d 1054, 1070-71 (9th Cir. 2012).

To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting his entire criminal proceedings with constitutional violations. See Vickers, 144 F.3d at 617; Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998). Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes. See Manning v. Foster, 224 F.3d 1129, 1135-36 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice. See Dretke v. Haley, 541 U.S. 386, 393, 124 S. Ct. 1847, 1852 (2004); Schlup v. Delo, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995); Murray v. Carrier, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 2649 (1986). A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. See Murray, 477 U.S. at 485-86, 106 S. Ct. at 2649;

-14-

Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief).    To satisfy the "fundamental miscarriage of justice" standard, a petitioner must establish by clear and convincing evidence that no reasonable fact-finder could have found him guilty of the offenses charged.    See Dretke, 541 U.S. at 393, 124 S. Ct. at 1852; Wildman v. Johnson, 261 F.3d 832, 842-43 (9th Cir. 2001).

Habeas petitioners are "entitled to an evidentiary hearing only if they allege [] facts that, if proved, would entitle them to relief and if they did not receive a full and fair evidentiary hearing in the state court." Swan v. Peterson, 6 F.3d 1373, 1384 (9th Cir. 1993). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro v. Landrigan, 550 U.S. 465, 474, 127 S.Ct. 1933, 1040 (2007).

> "[D]iscovery is available only in the discretion of the court and for good cause shown." Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999). "Good cause exists 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief.'" Smith, 611 F.3d at 996 (quoting Bracy, 520 U.S. at 908-09, 117 S.Ct. 1793). "We review the district court's denial of discovery and an evidentiary hearing for abuse of discretion." Id. at 997.

Sivak v. Hardison, 658 F.3d 898, 927 (9th Cir. 2011).

-15-

**III Analysis**

**A. Petitioner's claims for relief in the original habeas petition**

**1. Petitioner contends the prosecutor used perjured testimony to gain Petitioner's convictions.**

Petitioner raised this claim in his state action for post-conviction relief. The state trial court found the claim precluded by Petitioner's failure to raise the claim in his direct appeal. Accordingly, the claim is procedurally defaulted.

Petitioner contends that this claim was not procedurally defaulted because his claim regarding the use of perjured testimony was based on evidence not available at the time of his direct appeal, establishing cause for the default. Petitioner contends a police officer "fabricated facts" regarding Petitioner's arrest when testifying at the suppression hearing. Petitioner contends these claims were not procedurally defaulted because the law providing the basis for the default is not regularly nor consistently applied.

Petitioner contends in his traverse that the prosecutor "capitalized" on perjured testimony at the suppression hearing to "obtain his conviction." Petitioner contends this claim (and his <u>Brady</u> claim) are based on facts "outside the appellate record" and that the cause for his default of this claim is his appellate counsel's deficient performance. Petitioner again argues, as he did at the suppression hearing, at his trial, in his appeal, and in his Rule 32 action, that he was approached by a police officer in a police vehicle when he was in the parking

-16-

lot of a grocery store and that the police officer testified at the suppression hearing that he approached Petitioner while working in plain clothes as a security officer at the store while Petitioner and the officer were inside the store. Petitioner asserts that he repeatedly sought discovery, including police department payroll records, to refute the officer's testimony regarding whether he was on or off duty on the day in question.  Accordingly, Petitioner asserts, the "sole basis" for his conviction was the perjured testimony of the officer and that his conviction must be vacated.

        With regard to the evidence Petitioner provides to support his position that he has established cause for his procedural default, Petitioner contends he now has evidence that the police officer who took the weapon in question as evidence did not impound the weapon until the following day, breaking the chain of evidence and requiring his conviction be vacated. Petitioner also asserts he has now provided evidence that the police officer who stated she transported Petitioner to be booked filed a duty log stating she had spent "0" hours transporting and "0" hours booking on that date.  Petitioner contends he has produced evidence that the weapon involved in his offense was not logged into the evidence room until 63 hours after he was arrested.

        Petitioner extensively litigated in state court the facts and legal theories alleged in his habeas petition, with regard to his assertions that the police officer who arrested him lied about the circumstances surrounding his arrest, that

the officer who Petitioner asserts transported him and the gun
and impounded the gun lied, that the store manager lied about
the circumstances surrounding Petitioner's arrest, and that
there was evidence, i.e., a tape of a 911 recording and police
logs which "prove" Petitioner's version of the facts surrounding
his arrest.    An investigator was appointed and counsel
investigated Petitioner's version of events.   A suppression
hearing was conducted regarding Petitioner's version of events.
Although Petitioner's then-girlfriend was available to testify
at the suppression hearing in support of Petitioner's version of
events, Petitioner's retained counsel made a strategic decision
not to call the girlfriend as a witness.

The state trial court found Petitioner's first habeas
claim procedurally defaulted.   Petitioner has not shown cause
for his procedural default of the claim and, accordingly, the
claim should be denied.   Additionally, Petitioner has not shown
prejudice arising from his default of the claim nor has
Petitioner established a fundamental miscarriage of justice will
occur absent consideration of the claim.

**2. Petitioner asserts the state failed to disclose exculpatory evidence to the defense, in violation of Brady v. Maryland.**

Petitioner raised this claim in his state action for
post-conviction relief.   The state trial court found the claim
precluded by Petitioner's failure to raise the claim in his
direct appeal.

Petitioner contends that this claim was not
procedurally defaulted because his Brady claim was based on

-18-

evidence not available at the time of his direct appeal, establishing cause for the default.

Petitioner repeatedly argued the issues and facts raised in his second claim for habeas relief in the state courts. When Petitioner raised the specific claim raised in his habeas petition in the state courts in his Rule 32 action, the state trial court found the claim precluded by Petitioner's failure to raise the claim in his direct appeal.

The state trial court found Petitioner's second habeas claim procedurally defaulted. Petitioner has not shown cause for his procedural default of the claim and, accordingly, the claim should be denied. Additionally, Petitioner has not shown prejudice arising from his default of the claim nor has Petitioner established a fundamental miscarriage of justice will occur absent consideration of the claim.

**3. Petitioner asserts that his trial counsel was ineffective in failing to present a witness at the suppression hearing and in failing to request a continuance of the hearing so that counsel could fully investigate the matter.**

Petitioner asserts that his trial counsel's performance was unconstitutionally inadequate because counsel failed to call Petitioner's girlfriend as a witness at a suppression hearing and failed to request a continuance of a suppression hearing for additional investigation. Petitioner contends a continuance was required because counsel entered an appearance as counsel for Petitioner on the day of the suppression hearing, May 27, 2005.

Petitioner raised an ineffective assistance of counsel claim in his first Rule 32 action. The state trial court denied

-19-

the claim on the merits, a decision Petitioner challenged in the Arizona Court of Appeals.   Accordingly, the claim was properly exhausted in the state courts.   The Arizona state courts' decision that Petitioner was not denied his right to the effective assistance of counsel was not clearly contrary to nor an unreasonable application of federal law.

To state a claim for ineffective assistance of counsel, a habeas petitioner must show both that his attorney's performance was deficient and that the deficiency prejudiced the his defense.   See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The petitioner must overcome the strong presumption that counsel's conduct was within the range of reasonable professional assistance required of attorneys in that circumstance.   See id., 466 U.S. at 687, 104 S. Ct. at 2064.

To establish prejudice, the petitioner must establish that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   Id., 466 U.S. at 694, 104 S. Ct. at 2068. See also, e.g., Harrington, 131 S. Ct. at 786–88. Counsel's performance will be held constitutionally deficient only if the habeas petitioner proves counsel's actions "fell below an objective standard of reasonableness," as measured by "prevailing professional norms." Strickland, 466 U.S. at 688, 104 S. Ct. at 2065.   See also Cheney v. Washington, 614 F.3d 987, 994–95 (9th Cir. 2010).

-20-

> To establish deficient performance, a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness. A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range' of reasonable professional assistance. The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.

Premo v. Moore, 131 S. Ct. 733, 739 (2011) (internal citations and quotations omitted), citing Harrington, 131 S. Ct. at 788.

To establish prejudice, the petitioner must establish that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. See also, e.g., Cheney, 614 F.3d at 994. Therefore, to succeed on an assertion his counsel's performance was deficient because counsel failed to raise a particular argument, the petitioner must establish the argument was likely to be successful, thereby establishing that he was prejudiced by his counsel's omission. See Tanner v. McDaniel, 493 F.3d 1135, 1144 (9th Cir. 2007); Weaver v. Palmateer, 455 F.3d 958, 970 (9th Cir. 2006). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Strickland, 466 U.S. at 693, 104 S. Ct. at 2067. Counsel's performance is not deficient nor prejudicial when counsel "fails" to raise an argument that counsel reasonably believes would be futile. See Premo, 131 S. Ct. at 741; Harrington, 131 S. Ct. at 788. Accordingly, prejudice from

-21-

counsel's allegedly deficient performance is less likely when the case against the defendant is strong. See, e.g., Wong v. Belmontes, 558 U.S. 15, 130 S. Ct. 383, 390–91 (2009); Avila v. Galaza, 297 F.3d 911, 923–24 (9th Cir. 2002); Godwin v. Johnson, 632 F.3d 301, 311 (6th Cir. 2011).

It is Petitioner's burden to establish both that his counsel's performance was deficient and that he was prejudiced thereby. See, e.g., Wong, 130 S. Ct. at 384–85. "Surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 555 U.S. 356, 130 S. Ct. 1473, 1485 (2010), quoted in Harrington, 131 S. Ct. at 788

Petitioner has not established that any of his counsels' performances were deficient or that he was prejudiced by any alleged deficiency. Petitioner asserts that his attorney, Anthony Knowles, was ineffective because he failed to call Petitioner's girlfriend as a witness at the suppression hearing and because counsel did not request a continuance of the hearing so that counsel could investigate the matter. Petitioner claims that a continuance was required because counsel entered his appearance as counsel on the day of the suppression hearing, May 27, 2005.

Petitioner has not established that counsel's decision not to call Petitioner's girlfriend was not a reasonable strategic decision. Petitioner testified at the suppression hearing regarding his version of the events that occurred and his counsel vigorously argued that the officer's initial "pat down" of Petitioner, at which time the weapon was recovered, was

-22-

outside the bounds of the United States and Arizona constitutions and Petitioner's rights pursuant to <u>Terry v. Ohio</u>. Neither has Petitioner shown that the absence of the proposed testimony was prejudicial or that the outcome of the hearing would have been different had it occurred at a later date.

**4. Petitioner asserts he was denied his right to the effective assistance of appellate counsel.**

Petitioner contends his appellate counsel's performance was unconstitutionally ineffective because counsel failed to raise several arguments Petitioner asserts would have resulted in his convictions and sentences being reversed. Petitioner re-urges the merits of arguments raised by his various counsel prior to his trial and subsequent to his trial and these arguments have repeatedly been rejected by the Arizona trial court and Arizona Court of Appeals. Accordingly, Petitioner has not established that any alleged "failure" on the part of any of his appellate counsel was prejudicial.

**B. Claims in the motion to amend the habeas petition**

Petitioner filed a motion to amend his habeas petition after Respondents were served but before Respondents answered the petition. The Court denied the motion to amend without prejudice after the date Respondents answered the petition.

Respondents assert the claims raised in the proposed amended petition are barred by the applicable statute of limitations.

Petitioner's conviction became final on or about September 22, 2011, when the time expired for seeking review of

-23-

the Arizona Court of Appeals' decision in Petitioner's Rule 32 action issued August 22, 2011. Accordingly, the one-year statute of limitations regarding Petitioner's habeas claims expired on or about August 22, 2012. Respondents allow that the claims filed in the petition docketed August 2, 2012, are timely but assert that the additional claims stated in the amended petition are not timely.

A timely filed petition for writ of habeas corpus does not preserve claims that are not included in the timely petition and which are presented for the first time after the expiration of the statute of limitations. See Mayle v. Felix, 545 U.S. 644, 657–664, 125 S. Ct. 2562, 2571–75 (2005) (holding habeas claims not presented in original, timely habeas petition but only after the one-year limitations period expired are untimely and not cognizable on habeas corpus review. Additionally, a timely filed habeas corpus petition does not toll the statute of limitations with respect to claims not included in that petition. See Duncan v. Walker, 533 U.S. 167, 181–81, 121 S. Ct. 2120, 2129 (2001).

The claims stated in the amended petition, to the extent they do not duplicate the claims stated in the original petition, are not timely and the tardiness of the claims is not cured by the theory of relation-back. See King v. Ryan, 564 F.3d 1133, 1141 (9th Cir. 2009).

### IV Conclusion

Except for his ineffective assistance of counsel claims, Petitioner procedurally defaulted his federal habeas

-24-

claims is the state courts.  Petitioner has not shown cause for, nor prejudice arising from his procedural default of his claims nor has Petitioner established he is actually innocent of the charges against him.  The Arizona state court's decision that Petitioner was not denied his right to the effective assistance of counsel was not clearly contrary to nor an unreasonable application of federal law because Petitioner has not shown any alleged deficiency was prejudicial.

**IT IS THEREFORE RECOMMENDED** that Mr. Parshall's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

1    Failure to timely file objections to any factual or
2  legal determinations of the Magistrate Judge will be considered
3  a waiver of a party's right to de novo appellate consideration
4  of the issues.  See United States v. Reyna-Tapia, 328 F.3d 1114,
5  1121 (9th Cir. 2003) (en banc).    Failure to timely file
6  objections to any factual or legal determinations of the
7  Magistrate Judge will constitute a waiver of a party's right to
8  appellate review of the findings of fact and conclusions of law
9  in an order or judgment entered pursuant to the recommendation
10  of the Magistrate Judge.

11    Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District
12  Court must "issue or deny a certificate of appealability when it
13  enters a final order adverse to the applicant."  The undersigned
14  recommends that, should the Report and Recommendation be adopted
15  and, should Petitioner seek a certificate of appealability, a
16  certificate of appealability should be denied because Petitioner
17  has not made a substantial showing of the denial of a
18  constitutional right as required by 28 U.S.C.A § 2253(c)(2).

19    DATED this 22nd day of April, 2013.

20
21    _____
     Mark E. Aspey
22    United States Magistrate Judge
23
24
25
26
27
28                            -26-